IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERNEST A. LUZIER,                      )
                                       )
            Plaintiff,                 )
                                       )
    -vs-                               )    Civil Action No.   11-296-J
                                       )
MICHAEL J. ASTRUE, Commissioner of     )
Social Security,                       )
                                       )
            Defendant.                 )

AMBROSE, Senior District Judge.

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 8 and 10). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 9 and 11). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (Docket No. 10) and denying Plaintiff's Motion for Summary Judgment. (Docket No. 8).

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and social security income pursuant to the Social Security Act ("Act"). Plaintiff filed an application for disability insurance benefits on November 7, 2007, alleging that since May 21, 2003, he had been disabled due to back pain. (Docket No. 6-5, pp. 11-13; 6-6, p. 6). Administrative Law Judge ("ALJ") Charles Pankow, held a hearing on November 5, 2009. (Docket No. 6-2, pp. 29-79). On December 9, 2009, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Docket No. 6-2, pp 11-23). After exhausting all of his administrative remedies thereafter,

Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 8 and 10). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

B.   **WHETHER THE ALJ FAILED TO CONSIDER THE LIMITATIONS UPON PLAINTIFF'S RFC CAUSED BY HIS LEFT HAND IMPAIRMENT**

Plaintiff first argues that the ALJ failed to consider the limitations upon Plaintiff's residual functional capacity ("RFC") caused by his left hand impairment. (Docket No. 9, pp. 12-14). First, Plaintiff asserts that because the hand injury occurred in May of 2007 and there is only one RFC assessment, which is prior to the hand injury, we have to speculate as to whether the ALJ determined that Plaintiff's RFC was not further eroded by the left hand impairment or the ALJ failed to address the nature of the limitations of the left hand impairment. *Id.* Given this, Plaintiff submits that remand is necessary. *Id.* Based on a review of the record, I find that remand on this basis is not warranted. It is clear from the opinion that the ALJ thoroughly considered the

3

impact of the left hand impairment on Plaintiff's RFC and found that it was not further eroded. *See,* Docket No. 6-2, pp. 18-22, *citing,* Exhibits 14F, 15F, 16F and 20F (Doc. Nos. 5-15, pp. 33-68; 5-16, pp. 1-54; 5-17, p. 2; 5-20, pp. 1-9).

Plaintiff next argues that it "defies common sense" that the ALJ "determined Plaintiff to be suffering from a severe left hand impairment, but then omitted any consideration of that impairment from his residual functional capacity assessment." (Docket No. 9, p. 14). As set forth immediately above, the ALJ did not omit the left hand impairment from consideration. To the contrary, the ALJ considered the impairment, weighed all the relevant evidence regarding the same, and found there was no impact on Plaintiff's RFC. *See,* Docket No. 6-2, pp. 18-22, *citing,* Exhibits 14F, 15F, 16F and 20F (Doc. Nos. 5-15, pp. 33-68; 5-16, pp. 1-54; 5-17, p. 2; 5-20, pp. 1-9). RFC is the most a person can do despite his or her limitations. 20 C.F.R. §404.1545(a)(1). Here, the ALJ accommodated Plaintiff's left hand impairment by finding Plaintiff had the RFC to perform light work. *See,* Docket No. 6-2, pp. 18-22. Furthermore, based on the evidence of record, there was substantial evidence to support his opinion. *See,* Exhibits 14F, 15F, 16F and 20F (Doc. Nos. 5-6, pp. 55-59; 5-15, pp. 33-68; 5-16, pp. 1-54; 5-17, p. 2; 5-20, pp. 1-9). Consequently, I find no error in this regard.

### C. WHETHER THE ALJ ERRED IN FAILING TO PROPERLY EVALUATE AND WEIGH THE MEDICAL OPINIONS FROM THE ACCEPTABLE MEDICAL SOURCES

Plaintiff argues that the ALJ erred in according weight to Dr. Tran (an assessment made pre left hand injury) over Dr. Hall, Plaintiff's primary care physician, Dr. Weigering, the consultative examiner, and Dr. Kar, a state agency consultant. (Docket No. 9, pp. 14-18). The amount of weight accorded to a treating physician's opinions is well established.

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.' " Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where ... the opinion of a treating physician conflicts with that of a non-treating,

> non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. Id. Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Commissioner of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, *5 (3d Cir. Dec. 14, 2010).

Here, the ALJ acknowledged that the opinion of Dr. Tran, a state agency medical consultant, was entitled to less weight because he was a nonexamining physician and he afforded him "some weight.' (Doc. No. 6-2, p. 20). Ultimately, however, he assessed Plaintiff's RFC to be more limited than Dr. Tran's assessment. *See,* Doc. No. 5-14, pp. 47-53.

Contrary to Plaintiff's position, while the ALJ did not give Drs. Hall and Wiegering significant weight, he did afford them some weight. (Doc. No. 6-2, p. 22). Plaintiff argues, however, that Drs. Hall, Wiegering and Kar should have been given controlling weight. The ALJ did not give the doctors significant weight because their opinions were "inconsistent with the clinical and objective findings in the record and appear to be overestimates of the severity of the claimant's functional limitations during the relevant time period herein." (Doc. No. 6-2, p. 8). For example, the ALJ noted that their opinions were, *inter alia,* internally inconsistent, inconsistent with a January 2008 x-ray, an MRI and other medical evidence, and inconsistent with the Plaintiff's self-reported activities of daily living. *Id.* Moreover, the ALJ points out that Dr. Wiegering only saw Plaintiff twice and appears to have relied on Plaintiff's subjective reports. *Id.* Finally, the ALJ notes that Plaintiff "does not require referral to a pain clinic, aggressive medical treatment, frequent inpatient hospital confinement/emergency room care or further surgical intervention for either his back or his hand…." (Doc. No. 6-2, pp. 21-22). Based on the same and a review of the record, I find the ALJ's analysis that Plaintiff had the RFC of light work with modifications to be supported by sufficient evidence. Thus, I find no error by the ALJ.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERNEST A. LUZIER,                          )
                                           )
          Plaintiff,                       )
                                           )
     -vs-                                  )     Civil Action No.   11-296-J
                                           )
MICHAEL J. ASTRUE, Commissioner of         )
Social Security,                           )
                                           )
          Defendant.                       )


AMBROSE, Senior District Judge.

## ORDER OF COURT

THEREFORE, this 3rd day of January, 2013, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment (Docket No. 8) is denied and Defendant's Motion for Summary Judgment (Docket No. 10) is granted.

              BY THE COURT:

              s/   Donetta W. Ambrose
              Donetta W. Ambrose
              United States Senior District Judge